UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                                                13-CR-836 (SHS)

UNTRA JONES,                                                  <u>MEMORANDUM & ORDER</u>

                Defendant.

---------------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

    The Court has received defendant Untra Jones's application for compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 389.) Jones argues that two factors warrant a reduction in his sentence. First, he claims that the post-*Davis* resentencings of three of his co-defendants, which lowered their terms of imprisonment, present extraordinary and compelling circumstances requiring that he be released immediately. (*Id.* at 3-4.) Second, Jones argues that his medical conditions—particularly bipolar disorder, anxiety disorder, depression, seizure disorder, and heart murmur—require his immediate release in light of COVID-19. (*Id.* at 7-8.)

    The government responded to Jones's motion on May 13, 2020. (ECF No. 397.) It argued that Jones's "ailments are not recognized medical conditions or cognitive or functional impairments that substantially diminish his ability to be cared for by the BOP." (*Id.* at 2.) Moreover, the government claimed that the post-*Davis* resentencings of Jones's co-defendants were purely legal issues that are irrelevant to Jones's application. (*Id.* at 2, 8-9.) The government concedes that Jones has exhausted his administrative remedies. (*Id.* at 2.)

    The Court concludes that, in the absence of any evidence that Jones has a special condition making him substantially vulnerable to COVID-19 or authority supporting his claim that post-*Davis* sentencing disparities counsel a reduction in a co-defendant's sentence, Jones has not shown that "extraordinary and compelling reasons" warrant a modification in his sentence. Thus, Jones's motion for compassionate release is denied.

    However, the Court believes there are substantial equitable reasons for the Bureau of Prisons (BOP) to release Jones in light of the Attorney General's memorandum directing the BOP to expand the use of home confinement in light of the COVID-19 pandemic. (Memorandum from William P. Barr, Att'y Gen., to Dir. of Bureau of Prisons (Apr. 3, 2020).) Defendant acknowledges that during his period of incarceration, he has endured several setbacks: in 2015, he engaged in a fight, and he was later returned from a halfway house after testing positive for marijuana and alcohol. (ECF No. 390 at 12.). These infractions should not

overshadow the positive and productive rehabilitative aspects of Jones's incarceratory period. Jones, who was threatened and cajoled by his uncle into committing the underlying crimes, (*Id.* at 5), has completed numerous behavioral programs, as well as vocational and entrepreneurial programs, (*Id.* at 12). He has also completed the BOP's reentry program, served as a porter in his unit, worked in FCI Schuylkill's kitchen, and is close to obtaining his GED. (*Id.*) He has served approximately eighty-nine percent of his sentence and is scheduled to be released in a little more than four months—on October 11, 2020. Jones has reached the point of being sufficiently rehabilitated and in the view of this Court is a suitable candidate for release to home confinement. The BOP is therefore urged to reconsider Jones's application. The government is directed to send a copy of this order to the BOP immediately.

Dated: New York, New York
 June 2, 2020

SO ORDERED

*Sidney H. Stein*
SIDNEY H. STEIN
U.S.D.J.